## STATE, *EX RELATIONE* JONES, v. BOLES.

1. There being some evidence in plaintiff's favor upon the only point made by the pleadings, the Circuit judge erred in granting a non-suit.
2. Section 60 of the sheriffs' act of 1839 (11 *Stat*. 38), applies only to judgments upon which no executions have been lodged in the sheriff's office, but where an execution is filed and entered upon the sheriff's books, although not referred to in the index, the sheriff has actual notice or notice sufficient to put him upon the inquiry.

Before FRASER, J., Edgefield, October, 1880.

The opinion states the case.

*Mr. J. P. Carroll*, for appellant.

*Mr. J. C. Sheppard*, contra.

February 15th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action was brought by the relator, Lewis Jones, upon the official bond of Isaac Boles, formerly sheriff of Edgefield county, against the said Isaac Boles and his surviving sureties to the said bond, and the personal representatives of such of his sureties as have died. The substance of the complaint is that the relator, Lewis Jones, in 1868,

held the oldest judgment against Edward J. Mims; that, under executions to enforce junior judgments against the said Edward J. Mims, his lands were sold, in December of that year, by the said Isaac Boles, as sheriff of Edgefield county, and that the entire proceeds of that sale were wrongfully applied by him towards the satisfaction of said junior judgments, leaving a large balance due upon the judgment of the relator unpaid.

The answer of Isaac Boles denied that he was sheriff of Edgefield county, in December, 1868, but that one John H. McDevitt, having been elected to that office, on November 15th, 1868, demanded and obtained possession of said office, and that thereafter all the funds that went into the said office were received and disbursed by the said John H. McDevitt; that no part of the proceeds of the land sold on sales day in December, 1868, ever came into the hands of the said Boles, but that the same was disbursed by an order of the court, and arranged between the parties interested in the same. And he further denied that the cause. or action mentioned in the complaint accrued to the plaintiff within four years before the institution of the same, and the plaintiff's action in that regard was barred by the statute of limitations. The other defendants answered that they knew nothing of the facts, and relied upon the answer of the defendant Boles.

The case was tried before Judge Fraser and a jury. The plaintiff proved the sheriff's bond, and his judgment and execution, that John H. McDevitt did not take possession of the sheriff's office until December 15th, 1868, the entry of the sales, on January 4th, 1869, in the handwriting of Paul, the clerk of Boles, and signed "Isaac Boles, S. E. D." The lands were sold on December 4th, 1868, and Isaac Boles, as sheriff of Edgefield county, executed conveyance to E. A. Mims, on December 6th, 1868, which acknowledges the receipt by Isaac Boles, as sheriff, of the sum of $8,920, the purchase-money of the lands of the said Edward J. Mims, sold on December 6th, 1868. The execution book of the sheriff contained the following entry: "Lewis Jones, bearer, *v.* John Lyon, John Leigh, Samuel F. Goode and Edward J. Mims, *Fi. Fa.*, November 12th, 1858." The entry of the execution on the index is as follows: "Lewis Jones,

bearer, v. John Lyon, John Leigh et al." In clerk's office the case was referred to in the "abstract of judgments," and also in "the index and cross-index to judgments," as the case of "Lewis Jones, bearer, v. John Lyon et al."

The presiding judge granted a non-suit upon the ground that there was "no proof of actual notice to the defendant, Boles, in accordance with the terms of section 60 of the act of 1839 concerning the office, duties and liabilities of sheriffs, and no proof of any fact affecting the said defendant with the necessary notice."

The plaintiff appealed upon the following grounds:

1. "That the defendant, Isaac Boles, as sheriff of Edgefield district, was bound by law, out of the proceeds of sale made by him of the lands of Edward J. Mims, to satisfy the senior judgment at the suit of the relator, Lewis Jones, against the said Edward J. Mims, which was entered in the execution book in his office, even though it were shown that no actual notice was given him, Boles, of the said judgment before his application of the said proceeds of sale to the payment of the junior judgments against said Mims, and it is respectfully submitted that his Honor erred in ruling otherwise.

2. "That the facts and circumstances, as established by the evidence, furnished reasonable proof that the defendant, Boles, before applying the said proceeds of sale to the junior judgment against Edward J. Mims, had actual notice of the said prior judgment of the relator, Lewis Jones, and it is respectfully submitted that his Honor erred in ruling to the contrary.

3. "That the evidence furnished at the least, presumptive proof that such notice was had by the defendant, Boles, and the determination of that fact ought therefore to have been referred to a jury.

4. "That the defendant, Boles, must be held to have had constructive notice of the aforesaid judgment at the suit of the relator, Jones, because the said judgment was duly recorded in the office of the clerk of said district, now county of Edgefield, and was duly entered in the book of abstract of judgments in said office.

5. "That constructive notice had by the defendant, Boles, of

the said judgment at the suit of Jones, prior to his, Boles', application of the proceeds of said sale to the aforesaid junior judgments, rendered him liable to the demand of the complaint in this action, and it is respectfully submitted that his Honor erred in ruling to the contrary.

6. "That it is respectfully submitted that his Honor erred in ruling that the notice required by the sixtieth section of the act of 1839, was requisite in the case of the relator, Jones, against Edward J. Mims, when the judgment had been rendered and entered in the clerk's office, and the execution to enforce its payment lodged in the sheriff's office of the district in which the land was sold."

The rule is well settled that if there is no evidence at all to sustain the plaintiff's case, the judge may order a non-suit; but if any such evidence is given, the case must go to the jury. Except the plea of the statute of limitations, the only issue of fact made by the answer, was, whether the defendant, Boles, was sheriff on December 4th, 1868, when the land of Edward J. Mims was sold. Upon this issue, there was proof tending to show that McDevitt did not take possession of the office until December 15th, and that the sale of December 4th was not only made, but the purchase-money received by him, as stated in the deed executed to the purchaser. There was no lack of evidence upon the only point made by the pleadings.

But the judge granted it on another ground, viz., that it was not shown that Boles, the sheriff, had actual notice in accordance with the terms of section 60 of the sheriffs' act of 1839 (11 *Stat.* 38): "The sheriff shall pay over the proceeds of any real estate sold by him to any judgment having a prior lien thereon, which may have been entered in the clerk's office of any district, whether an execution on such judgment may have been lodged in his office or not; provided, notice of such judgment be given to the sheriff before such proceeds shall have been otherwise paid," &c.

The judgments referred to in this section providing for special notice to the sheriff, it seems to us, must be understood as meaning judgments upon which no executions have been issued and lodged in the sheriff's office, including, especially, those rendered

in some other judicial district than that in which the sheriff's sale is made. In such cases the sheriff, having no record in his office, it is manifestly proper that he should have actual notice brought home to him. But in this case the execution was lodged in Boles' office and entered in full upon the sheriff's books: "*Lewis Jones, bearer,* v. *John Lyon, John Leigh, Samuel F. Goode and Edward J. Mims.*" This was actual notice, or, at least, such notice as to put him upon the inquiry. The sheriff is bound to take notice of all records in his office.

The judgment of this court is that the judgment of the Circuit Court be set aside, and the case remanded for a new trial.